**Padmanabhan BUWANESWARAN,**
**Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

**No. 02–1469.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Jan. 28, 2003.

Decided Jan. 28, 2003.

Before SLOVITER and RENDELL, Circuit Judges, and DEBEVOISE, District Judge.*

OPINION OF THE COURT

RENDELL, Circuit Judge.

Padmanabhan Buwaneswaran, a Tamil citizen of Sri Lanka, petitions for review of an order of the Board of Immigration Appeals (BIA) of the Immigration and Naturalization Service (INS) denying his "Motion to Reopen Based on Changed Country Conditions And/Or Changed Individual Circumstances And/Or Motion To Reconsider The BIA's Decision Dated June 7, 2000 On Certification." We granted him a stay of removal pending our adjudication of his petition for review. Because we find that the BIA did not abuse its discretion in denying either Buwaneswaran's motion to reopen or his motion to reconsider, we will deny the petition and vacate the stay of removal.

On September 23, 1998, an Immigration Judge denied Buwaneswaran's petition for

asylum and withholding of removal, finding that Buwaneswaran lacked credibility. On April 7, 1999, the BIA rejected his appeal and, on March 10, 2000, our court denied his petition for review. On June 16, 1999, Buwaneswaran filed his first motion to reopen his immigration proceedings based on the Convention Against Torture (CAT). On December 30, 1999, the BIA dismissed the motion, finding that Buwaneswaran had failed to resolve the adverse credibility problem found by the Immigration Judge. On March 29, 2000, Buwaneswaran filed a motion for reconsideration with the BIA. On May 5, 2000, the BIA dismissed Buwaneswaran's motion to reconsider as untimely. On April 27, 2000, Buwaneswaran filed another motion to reopen and requested a stay of removal. The BIA denied the stay, but we granted a temporary stay on May 24, 2000. On June 7, 2000, the BIA denied Buwaneswaran's April 27, 2000 motion. He again petitioned our court for review, and, on September 6, 2000, we vacated the stay and denied the petition for lack of jurisdiction. On September 12, 2000, Buwaneswaran filed a third motion to reopen and/or reconsider, based on CAT, with the BIA, which he entitled: "Motion to Reopen Based on Changed Country Conditions And/Or Changed Individual Circumstances And/Or Motion To Reconsider The BIA's Decision Dated June 7, 2000 On Certification." The BIA denied the motion on January 17, 2002. Buwaneswaran now petitions this Court for review of this denial. For the sake of clarity, we will refer to Buwaneswaran's September 12, 2000 Motion to Reopen separately from the simultaneously filed Motion to Reconsider.

Buwaneswaran puts forward two arguments on appeal. First, he argues that

* The Honorable Dickinson R. Debevoise, Senior Judge, United States District Court for the District of New Jersey, sitting by designation.

the BIA erred in denying his September 12, 2000 Motion to Reopen based upon his contention that conditions in Sri Lanka have changed so as to establish eligibility for asylum or withholding of removal under CAT. Second, he argues that the BIA erred in refusing to reconsider its denial of his April 27, 2000 Motion to Reopen. Our jurisdiction to review final determinations of the BIA arises under 8 U.S.C. § 1252(a)(1). We review the BIA's denial of motions to reopen and to reconsider for abuse of discretion. *See Obianuju Ezeagwuna v. Ashcroft*, 301 F.3d 116, 130 (3d Cir.2002) (motion to reopen); *Nocon v. I.N.S.*, 789 F.2d 1028, 1033 (3d Cir.1986) (motion to reconsider). Under this standard, we will overturn a BIA decision only if it is "arbitrary, irrational or contrary to law." *Tipu v. I.N.S.*, 20 F.3d 580, 582 (3d Cir.1994) (quotations and citations omitted).

Under the applicable regulations, a successive motion to reopen immigration proceedings may only be granted if the alien shows changed circumstances based on material evidence that was "not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 3.2(c)(3)(ii). Moreover, a motion to reopen should be supported by the evidentiary material previously unavailable or not discoverable. *Matter of J–J–*, 21 I. & N. Dec. 976, 981, 1997 WL 434418 (BIA 1997).

Here, the BIA held that the evidence Buwaneswaran presented in conjunction with his September 12 Motion to Reopen was either duplicative of the evidence presented in conjunction with his April 27, 2000 Motion to Reopen or discoverable prior to the BIA's June 7, 2000 decision denying the April 27 Motion to Reopen. Therefore, according to the BIA, Buwaneswaran failed to carry his burden of showing changed circumstances based on previously unavailable or not discoverable evidence.

■ The BIA did not abuse its discretion in denying Buwaneswaran's September 12 Motion to Reopen. As support for the Motion, Buwaneswaran submitted 15 exhibits. A careful examination of those exhibits reveals their largely duplicative or irrelevant nature. Two exhibits related to the procedural posture of the case. Two of the exhibits were unpublished BIA decisions dealing with torture in Sri Lanka that were decided after June 7, 2000, that did not pertain to the Motion to Reopen. One exhibit was a motion to reopen filed by another native of Sri Lanka. Seven of the exhibits were exact copies of exhibits attached to the April 27 Motion to Reopen. Another exhibit talked generally of torture in Sri Lanka and detailed two specific instances of torture. Those two instances, however, were also detailed in one of the seven exhibits also attached to the April 27 Motion to Reopen.

The final two exhibits were the only exhibits offering arguably new and relevant evidence. Nonetheless, the BIA clearly did not abuse its discretion in holding that these two exhibits did not show changed circumstances. One of these exhibits consisted of two Amnesty International reports, dated June 8, 2000, discussing reported instances of torture in Sri Lanka. The reports detailed alleged abuses that occurred prior to the BIA's June 7, 2000 denial of Buwaneswaran's April 27, 2000 motion and are consistent with other exhibits that Buwaneswaran submitted with his April 27 Motion to Reopen. The BIA properly determined that this evidence was both previously available and did not show changed circumstances. The other exhibit consisted of a new asylum application that Buwaneswaran submitted with the motion. Attached to the application are various articles. Those articles

are in another language and Buwaneswaran only offers synopses in English. The BIA did not abuse its discretion in finding that this information did not warrant reopening Buwaneswaran's immigration proceedings.

We likewise find no merit to Buwaneswaran's claim that the BIA abused its discretion in failing to reconsider its June 7, 2000 decision denying his April 27 Motion to Reopen. The BIA found the Motion untimely. According to the applicable regulation, a party must file a motion to reconsider a decision with the Board "within 30 days after the mailing of the Board decision." 8 C.F.R. § 3.2. Buwaneswaran filed his motion to reconsider on September 12, 2000—well after the thirty-day deadline.

Although Buwaneswaran acknowledges the untimeliness of his motion, he nevertheless argues that the BIA should have "invoke[d] its inherent authority or jurisdiction under certification 8 C.F.R. § 3.1(c) to reconsider its decision [because it was] patently inconsistent with its prior and/or subsequent unpublished decisions." Unlike the regulations dealing with motions to reopen, there is no regulation allowing for the filing of successive motions to reconsider. *See Matter of J–J–,* 21 I. & N. Dec. at 978. Even assuming that he may file such a motion—as well as assuming that he may file a motion to reconsider a denial of a motion to reopen and that we may review the BIA's refusal to invoke 8 C.F.R. § 3.1(c) to reconsider its refusal to grant a motion to reopen—Buwaneswaran has not shown, as he alleges, that the BIA has been inconsistent in this case. Buwaneswaran alleges that the BIA has reopened proceedings in many factually similar cases involving Tamils fleeing Sri Lanka. Given the fact-specific nature of the BIA's inquiry, however, we do not agree that the BIA's abused its discretion in denying Buwaneswaran's April 27 Motion to Reopen. Contrary to Buwaneswaran's argument, we do not find that the BIA has established a "settled course of adjudication" as the Supreme Court used that phrase in *I.N.S. v. Yang,* 519 U.S. 26, 32, 117 S.Ct. 350, 136 L.Ed.2d 288 (1996), nor do we find that the BIA has "treat[ed] virtually identical legal issues differently in different cases, without any semblance of a plausible explanation." *Davila–Bardales v. I.N.S.,* 27 F.3d 1, 5–6 (1st Cir.1994). As result, the BIA did not abuse its discretion in finding the motion to reconsider untimely.

Accordingly, we will deny the petition for review and vacate the stay of removal.